# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond      Division

In re:

Reginald D. Hunley                                                    Case No. 16-33446-KLP

Debtor(s)                                                                    Chapter 13

11402 Dunbrook Rd. Apt 202
N. Chesterfield, VA 23235

Last four digits of Social Security or Individual Tax-payer
Identification (ITIN) No(s)., (if any):  8298

## NOTICE OF MOTION

Debtor(s), by counsel, have filed papers with the court to Extend the Automatic Stay.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sough in the motion (or objection), or if you want the court to consider your views on the motion (or objection), then or before **August 9, 2016** (14 days), you or your attorney must:

- ☑ File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad St.
> Richmond, VA 23219

You must also mail a copy to:

> Winslow & McCurry, PLLC
> 1324 Sycamore Square Ste. 202C
> Midlothian, VA 23113

Colonial Heights, VA 23834

☐ Attend a hearing to be scheduled at a later date.  You will receive a separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

☑ Attend the hearing on the motion (or objection) scheduled to be held **August 10, 2016** at **10:00 am** the United States Bankruptcy Court, 701 E. Broad St, Courtroom 5100, Richmond, VA 23219.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: July 26, 2016                                    /s/ Christopher M. Winslow
                                                       Christopher M. Winslow, Esq.#76156
                                                       Winslow & McCurry, PLLC
                                                       1324 Sycamore Square Ste. 202C
                                                       Midlothian, VA 23113
                                                       Ph: (804) 423-1382
                                                       Counsel for Debtor(s)


Certificate of Service

I hereby certify that I have, this July 26, 2016, mailed or delivered by electronic means a true copy of the foregoing Notice of Motion (or Objection) to the parties listed on the attached service list.

                                                       /s/ Christopher M. Winslow
                                                       Counsel for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

    Reginald D. Hunley

                                      Case No: 16-33446-KLP

Debtor(s)                            Chapter 13

### MOTION TO EXTEND THE AUTOMATIC STAY AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** the Debtor(s), by counsel, and offer the following Memorandum in Support of Debtor(s) Motion to Extend Automatic Stay:

### JURISDICTION

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor(s).

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### BACKGROUND FACTS

4. On 7/13/2016 (hereinafter the "Petition Date"), the Debtor(s) filed in this Honorable Court a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq. (the "instant case").

5. Carl M. Bates was appointed to serve as Chapter 13 trustee in this case (the "Trustee").

6. Within the year prior to filing the instant case, Debtor(s) has been a Debtor(s) in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on 11/2/2014 and dismissed on 6/24/2016. (Case No. 14-73076).

7. The previous case was dismissed by the court for default in making the plan payments.

## FACTS OF THE INSTANT CASE

8. In the instant case, Debtor(s) has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $300.00 for 55 months. Other than administrative expenses, the Plan proposes the following:

   a. To pay the secured claims of $3,800.00
   b. To pay the priority claims of $5,000.00
   c. To pay a dividend to non-priority unsecured creditors of 3.56%, which claims are estimated to be approximately $19,713.00

## DISCUSSION

9. Because the instant case was filed within one (1) year of the dismissal of the previous case, the automatic stay will expire in the instant case on 8/13/2016, unless the Court extends the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(A) and (B).

10. Pursuant to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Debtor(s) must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(B).

11. If the Court finds grounds for presuming the instant case was filed "not in good faith" §362(c)(3)(C) would impose a burden on Debtor(s) to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor(s) must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B. R. 268, 273 (Bankr. M.D.N.C. 2006)

12. Within the context of motions to continue the automatic stay pursuant to §362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007) instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created §362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia,* "the percentage of proposed repayment, the Debtors' financial situation, the period of time the payment will be made, the Debtors' employment history and prospects, the nature and amount of unsecured claims, the Debtors' past bankruptcy filings, the Debtors' honesty in present facts, and any unusual or exceptional problems facing the particular Debtors." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982). The focus of the inquiry is "to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld, 794 F.2d at 152, *citing* Deans at 972 and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to §362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a find that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13"

Chaney at 694.

## ARGUMENT

15. In the case *sub judice*, there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor(s) must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor(s) have acted in good faith, and Debtor(s) Requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor(s) submit an Affidavit, which is attached hereto as Exhibit "A' and incorporated hereby by reference thereto.

17. Applying the Neufeld factors to the Debtor(s)' circumstances and to this case leads to the following conclusions:

a. *Percentage of proposed repayment* – The Plan proposes to pay a dividend of 3.56% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor(s) were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

b. *Debtors' financial situation* – The Debtor's financial situation is now sufficient to allow him to maintain an average standard of living for himself, and to complete the terms of the Chapter 13 Plan.

    (1) Debtor(s) has steady income from employment with VDOT.

Furthermore, he has no extraordinary expenses and is not maintaining any expenses that are not necessary for his maintenance and support. Application of these factors favors a finding of good faith.

c. *Period of time payment will be made* – The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of these factors favors a finding of good faith.

d. *Debtor's employment history and prospects* – The Debtor(s)' income source demonstrates that the proposed Chapter 13 Plan is feasible and in good faith. Application of these factors favors a finding of good faith.

e. *Nature and amount of unsecured claims* – Likewise, the nature and amount of the Debtors' unsecured debt demonstrates his good faith.

    (1) Debtor(s) unsecured, non-priority debts are estimated to be approximately $19,731.00 and are proposed to be repaid at 3.56%.

f. *Debtors' past bankruptcy filings* - The instant Motion is required due to the fact that the Debtors have filed more than one (1) bankruptcy case. However, the Debtors' bankruptcy history does not indicate a lack of good faith. The Affidavit attached hereto as Exhibit "A" describes fully the reasons that the previous case was dismissed.

    Debtor(s) incorporate such explanation herein by this reference. Debtor(s)' hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith

    g. *Debtors' honesty in representing the facts* – The Debtor(s) have fully disclosed all assets, liabilities, and pertinent information regarding their personal and financial affairs. Application of this factor favors a finding of good faith.

    h. *Any unusual or exceptional problems facing the particular Debtors* – There are no unusual or exceptional problems facing the Debtor(s). Application of this factor favors a finding of good faith.

18. Debtor(s) assert that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the Debtor(s) to advance the goals and purposes of chapter 13". See <u>Chaney</u> at 694. In support hereof, Debtor(s) assert the following additional arguments:

    a. *The timing of the petition* - Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor(s)' actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b. *How the Debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor(s) became unable to repay. Application of this factor favors a finding of good faith.

    c. *The Debtor's motive in filing the petition* – Debtor(s)' motive in filing this case is to apply best efforts to repay creditors and receive a fresh

start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the Debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 8, *supra*. This factor will rarely favor a debtor as to the finding of good faith, because "filing for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "A" describes fully the Debtor(s)' changes in circumstances and explains both the legitimate bases for the filing of this case as well as the Debtor(s)' ability to complete this case. Debtor(s) incorporate such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, the Debtors respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

        Respectfully submitted,
        Reginald D. Hunley

By:    /s/ Christopher M. Winslow, Esquire
        Christopher M. Winslow

        Winslow and McCurry, PLLC
        1324 Sycamore Square
        Ste. 202C
        Midlothian, VA 23113
        Phone: (804) 432-1382
        Fax: (804) 432-1383

# CERTIFICATE OF SERVICE

      I certify that on July 26, 2016, a copy of this Memorandum in Support of Debtor(s)' Motion to Extend the Automatic Stay was mailed via first-class mail, postage full pre-paid, to the Chapter 13 Trustee, Carl M. Bates, P.O Box 1819 Richmond, VA 23218 the United States Trustee, 701 E. Broad Street, Suite 4304, Richmond, VA 23219 and all creditors as set forth on the attached mailing matrix.

/s/ Christopher M. Winslow
Christopher M. Winslow, Esquire
Counsel for Debtor(s)

## CREDITORS

**Acceptance Rentals,**
2850 Hog Mountain Rd Suite 201
Dacula, GA 30019-0000

**Afni**
1310 Martin Luther King Dr
Bloomington, IL 61701-0000

**Ally Financial**
P.O. Box 951
Horsham, PA 19044-0000

**American InfoSource LP**
P.O. Box 248848
Oklahoma City, OK 73124-0000

**American InfoSource LP as agent for**
Spot Loan
PO Box 248838
Oklahoma City, OK 73124-8838

**Automobile Acceptance**
725 Main Street
Riverdale, GA 30274-0000

**Automobile Acceptance Corp.**
P.O. Box 961926
Riverdale, GA 30296-0000

**Dish Network**
9601 S. Meridian Blvd.
Englewood, CO 80112-0063

**Diversified Consultant**
Dci
P.O. Box 551268
Jacksonville, FL 32255-0000

**Emerginet-Henry**
c/o Kevin B. Wilson Law Office
2810 Walker Rd. Ste. 102
Chattanooga, TN 37421-0000

**First American Title Lending**
3525 Highway 138 SE
Stockbridge, GA 30281-0000

**Georgia Urology**
175 Country Club Dr.
Stockbridge, GA 30281-0000

**Guarantee Bank**
4957 North Henry Blvd.
Stockbridge, GA 30281-0000

**Henry County Radiology**
P.O. Box 100032
Kennesaw, GA 30156-0000

**HSBC Bank**
P.O. Box 5253
Carol Stream, IL 60197-0000

**Internal Revenue Service**
Centralized Insolvency Unit
P.O. Box 7346
Philadelphia, PA 19101-7346

**Isenburg & Hewitt, P.C.**
6600 Peachtree Dunwoody Rd.
Embassy Rowe Bldg 600 Ste.150
Atlanta, GA 30328-0000

**Midland Funding**
2365 Northside Dr
Suite 300
San Diego, CA 92108-0000

**Nationwide Insurance**
One Nationwide Plaza
Columbus, OH 43215-0000

**North American**
2810 Walker Rd.
Chattanooga, TN 37421-0000

**Pnc Mortgage**
3232 Nemark Dr
Miamisburg, OH 45342-0000

**PRA Receivables Management**
P.O. Box 41067
Norfolk, VA 23541-0000

**Quantum 3 Group/Ec2n Trust**
P.O. Box 788
Kirkland, WA 98083-0000

**Rec Mgt Grp**
P.O. Box 6070
Columbus, GA 31917-0000

**Receivables Management Group**
2901 University Ave Ste 29
Columbus, GA 31917-0000

**Rent Recovery Solutions**
2814 Spring Rd. Ste. 30
Atlanta, GA 30339-0000

**RNR Wheels & Tires**
8321 Midlothian Turnpike
N. Chesterfield, VA 23235-0000

**Santander**
Attn: Bankruptcy
P.O. Box 560284
Dallas, TX 75356-0000

**Southwest Credit Systems**
4120 International Parkway
Suite 1100
Carrollton, TX 75007-0000

**Sunset Finance**
6263 Highway 278 E
Covington, GA 30014-0000

**United Consumer Financial Svcs**
865 Basset Road
Westlake, OH 44151-0000

**WFNNB/Express**
4590 E. Broad St.
Columbus, OH 43213-0000